IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LOCKHEED MARTIN CORPORATION
SALARIED SAVINGS PLAN                                                                    PLAINTIFF

v.                                         Case No. 1:23-cv-1105

ELZABETH DANIELL HICKS-HAYNE;
DOROTHY A. HENRY, Representative of
the Estate of Jerome LaTodd Haynie; JAMAL
LATRELL HAYNIE; L.H., a minor, and J.H.
a minor, through their guardians ad litem
JACQUELINE KELLER and STEVEN KELLER                                                      DEFENDANTS

# ORDER

Before the Court is Plaintiff Lockheed Martin Corporation Salaried Savings Plan's ("Lockheed") Motion for Interpleader Relief. ECF No. 32. The Court finds the matter ripe for consideration.

# BACKGROUND

Plaintiff Lockheed Martin Corporation Salaried Savings Plan ("Lockheed") initiated this interpleader action pursuant to Federal Rule of Civil Procedure 22. ECF No. 2. Lockheed contends that it has no interest in the funds within deceased former employee Jerome LaTodd Haynie's ("Decedent") Salaried Savings Plan ("SSP"). Lockheed previously moved to deposit the SSP funds into the registry of the Court. ECF No. 26. The Court granted that motion, finding that Lockheed has sufficiently alleged the threat of multiple adverse claims to the SSP funds. ECF No. 30. Lockheed subsequently deposited $83,371.90 into the registry of the Court. In the instant motion, Lockheed seeks to be dismissed from this matter with prejudice, to have all Defendants be enjoined from making further claims against Lockheed regarding the SSP funds, and for attorney's fees paid out of the SSP funds.

**DISCUSSION**

**A. Discharge of Lockheed and Enjoinment of Further Claims**

Lockheed argues that it is a disinterested stakeholder in the SSP funds and should be dismissed from this action now that those funds have been deposited into the registry of the Court. Lockheed further seeks the Court to order that the remaining parties to this action are barred from making further claims against Lockheed with regards to Decedent's SSP funds.

"Interpleader is a procedural device whereby a party holding money or property concededly belonging to another may join in a single suit two or more parties asserting mutually exclusive claims to the fund. The stakeholder is thereby freed from the threat of multiple liability and/or the vexation of multiple lawsuits." *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976) (citation omitted). A party may bring a claim as a statutory interpleader, governed by 28 U.S.C. § 1335, or as a rule interpleader under Federal Rule of Civil Procedure 22. *See Blackmon Auctions, Inc. v. Van Buren Truck Center, Inc.*, 901 F.Supp. 287, 289 (W.D. Ark. Aug. 28, 1995). Both statutory interpleader and rule interpleader are "designed to protect stakeholders not only from double or plural liability but also from duality or plurality of suits, and both the statute and the rule are to be construed liberally." *Dakota Livestock Co. v. Keim*, 552 F.2d 1302, 1306 (8th Cir. 1977) (citations omitted). As noted above, Lockheed's interpleader action proceeds pursuant to Rule 22.

Interpleader actions typically proceed in two stages. *See Viking Ins. Co. of Wisconsin v. Kemp*, 2013 WL 6780572, at *3 (E.D. Ark. Dec. 19, 2013). At the initial stage, a court determines if interpleader is appropriate by analyzing if the requirements for either rule or statutory interpleader have been met through examining the citizenship of claimants, the amount held by the stakeholder, and whether there is a true threat to the stakeholder of vexatious litigation. *See id*. If

a court determines that the requirements for an interpleader action are satisfied, it will move to the next stage "where it adjudicates the adverse claims to the interpleaded fund." *Community State Bank v. Wilson*, 2019 WL 5596416 at *1 (W.D. Ark. Oct. 30, 2019).

"When interpleader is available, the court 'may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead.'" *N. Am. Co. for Life & Health Ins. v. Moua*, 2023 WL 3590703 at *2 (W.D. Ark. Apr. 20, 2023) (quotation omitted). Discharge and dismissal of a disinterested stakeholder can occur at the first stage of an interpleader action and need not await adjudication of the claims among the remaining parties. *See Oakley Grains, Inc. v. Shumate*, 2018 WL 4568596 at *2 (E.D. Ark. Sept. 24, 2018) (citations omitted).

The Court finds that Lockheed has shown good cause for its request. Lockheed has deposited the disputed SSP funds and claims no interest in those funds as Decedent's rightful beneficiary. Certain Defendants in this action have asserted a claim as the appropriate beneficiary of Decedent's SSP funds. Accordingly, the Court will grant Lockheed's request to be dismissed from this action and request for an order enjoining all Defendants from further claims against Lockheed regarding Decedent's SSP funds. Though Lockheed requests that Defendants be enjoined from future claims pursuant to 28 U.S.C. § 2361, that statute applies to interpleader actions brought pursuant to 28 U.S.C. § 1335. *See* 28 U.S.C. § 2361. Lockheed's interpleader action proceeds under Federal Rule of Civil Procedure 22. ECF No. 2, p. 2. However,

> the mere fact that a nationwide injunction under Section 2361 is not available in a rule-interpleader case does not mean that the court does not have discretion in that context to issue an order against those claimants that have been subjected to the court's jurisdiction in accordance with the more traditional rules of process applicable in cases under Rule 22. Certainly if the court can assert personal jurisdiction over a claimant it has the power to issue an order designed to effectuate that exercise of jurisdiction.

3

Wright & Miller, *et al.*, 7 Fed. Prac. & Proc. Civ. § 1717.  Accordingly, the Court will enjoin all Defendants from bringing claims against Lockheed asserting a right to the interplead funds.

Further, the Court previously determined that Defendants LaKia Haynie,[1] J.H., a minor through guardians *ad litem* Jaqueline Keller and Steven Keller, and Jamal Latrell Haynie are the rightful beneficiaries of Decedent's SSP funds.  ECF No. 33.  Consequently, all issues in this interpleader matter have been addressed and the Court will also dismiss this action with prejudice.

**B. Attorney's Fees**

Lockheed asserts that awarding attorney's fees to a disinterested stakeholder upon discharge is common and contends that it should be awarded fees upon its dismissal from this action.  Lockheed states that it has incurred $17,530.00 of fees in litigating this action through the filing of the instant motion.  Lockheed further states that it has entered into a compromise with the non-defaulting Defendants for an award of $6000 drawn out of the interplead SSP funds, as shown in the attached stipulation.  ECF No. 32-1.  Lockheed asserts that the Court should grant this unopposed request.

"Attorney's fees and costs are generally awarded to a disinterested stakeholder out of an interpleaded fund."  *Moua*, 2023 WL 3590703 at *3 (citing *Miller Mut. Ins. Ass'n of Ill. v. Wassall*, 738 F.2d 302, 304 (8th Cir. 1984)).  "The party seeking an award of fees has the responsibility of submitting evidence to support the number of hours worked and rates claimed."  *Shumate*, 2018 WL 4568596 at *5 (citation omitted); *and see Hearing v. Minn. Life Ins. Co.*, 33 F.Supp.3d 1035, 1043 (N.D. Iowa July 21, 2014) (noting that the "starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.") (quoting *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th

---

[1] Though initially named as "L.H., a minor", LaKia Haynie has reached majority age during the course of this action. ECF No. 31, p. 2.

4

Cir.2002)). "The decision to award attorney fees 'rests within the sound discretion of the [district] court[.]'" *Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 979 (8th Cir. 2016) (internal quotation omitted).

The Court finds that Lockheed's request for attorney's fees must be denied. Lockheed asserts its incurred fees but provides no further information or details as to the hours worked and hourly rate used. The Court cannot make a determination on the reasonableness of such fees without that information. *See Shumate*, 2018 WL 4568596 at *5; *Hearing v. Minn. Life Ins. Co.*, 33 F.Supp.3d at 1043. Accordingly, the Court declines to enter an order enforcing Lockheed's requested amount of attorney's fees.[2]

## CONCLUSION

For the reasons stated above, the Court finds that Lockheed's Motion for Interpleader Relief (ECF No. 32) should be and is hereby **GRANTED IN PART** and **DENIED IN PART**. Plaintiff Lockheed is hereby **DISMISSED WITH PREJUDICE** from this action. Any claims against Plaintiff Lockheed regarding Decedent's SSP funds are hereby **DISMISSED WITH PREJUDICE**. All Defendants are hereby **ENJOINED** from asserting, instituting or prosecuting any and all demands, claims, actions or causes of action against Lockheed with regard to Decedent's SSP funds. Plaintiff Lockheed's request for attorney's fees is hereby **DENIED**. This case is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 7th day of May, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] The Court is generally skeptical that Lockheed's requested fee amount would survive scrutiny if it did provide more detailed information. An hourly rate that results in $17,530 in fees for a handful of straightforward and unopposed motions likely conflicts with the general principle that "the amount allowed for such [stakeholder] fees should be modest." *Moody Station & Grocery*, 821 F.3d at 979 (quotation omitted).